# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:11-CR-00078-JCB-KNM** |
| **vs.** | § | |
| | § | |
| | § | |
| **CLIFFORD RAY WARD (1)** | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On December 16, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Jim Noble. Defendant was represented by Assistant Federal Defender Ken Hawk.

### *Background*

After pleading guilty to the offenses of Conspiracy to Possess with Intent to Distribute Cocaine Base, a Class B felony, Clifford Ray Ward was sentenced on April 16, 2013, by United States District Judge Leonard Davis. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. The Court sentenced Defendant to imprisonment for a term of 144 months, followed by a 5-year term of supervised release, subject to the standard conditions of supervised release and special conditions to include financial disclosure, drug testing, and drug treatment.

The case was re-assigned to United States District Judge J. Campbell Barker on May 29, 2019. Defendant completed his term of imprisonment and started his term of supervised release on October 29, 2021.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on October 31, 2025, United States Probation Officer Satori Barnes alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that the Longview Police Department was dispatched to a suspicious vehicle driving back and forth on Del Roy Drive in Longview, Texas, on October 23, 2025. Defendant was the driver and sole occupant of the vehicle. Defendant was asleep when officers arrived. An officer tried to wake Defendant and he started to drive away. Another officer opened the passenger door and told Defendant to place the vehicle in park. Defendant complied and the officer was able to turn off the vehicle. After a HGN was administered, it was determined that Defendant was not intoxicated. But Defendant appeared to be hiding something in his pockets when he continued to place his hands in his pockets after the officer advised him three times to stop. A pat down was conducted and a white unmarked pill bottle was located in his right side front pocket. The bottle contained crack cocaine. Defendant was then arrested for Possession of a Controlled Substance Penalty Group 1/1-B Greater Than or Equal to 1 Gram but Less Than 4 Grams, a third-degree felony, as documented by the Longview Police Department's offense report number 25-14256.

2. **Allegation 2 (mandatory condition): The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.** The same facts are alleged as in Allegation 1.

3. **Allegation 3 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant admitted on October 28, 2025, that he used crack cocaine on October 23, 2025, and signed an admission form.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked

upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1).  In the present case, Defendant's original offense of conviction was a Class B felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 3 years.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Possession of a Controlled Substance or possessing crack cocaine, as alleged in the petition, he is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was VI.  The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months.  If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using crack cocaine, as alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 8 to 14 months.

### Hearing

On December 16, 2025, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of imprisonment for a term of 14 months, with no further term of supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition.  Defendant requested

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings."  *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (5th Cir. 2005) (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

a recommendation to the Bureau of Prisons to designate him to FMC Ft. Worth to accommodate his medical needs.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 14 months, with no further term of supervised release.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### <u>RECOMMENDATION</u>

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 14 months, with no further term of supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FMC Ft. Worth.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 14 months, with no further term of supervised release.

So ORDERED and SIGNED this 16th day of December, 2025.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE